IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **LISA AKINS SMITH,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. CIV-23-312-GLJ |
| | ) |
| **FRANK J. BISIGNANO,** | ) |
| **Commissioner of the Social** | ) |
| **Security Administration,** | ) |
| | ) |
| **Defendant.** | ) |

**OPINION AND ORDER AWARDING**
**ATTORNEY'S FEES UNDER 42 U.S.C. § 406(b)**

Plaintiff appealed the decision of the Commissioner of the Social Security Administration denying his request for benefits. The Court granted the Social Security Administration's unopposed Motion to Remand, reversing the Commissioner's decision and remanding the case for further proceedings. Docket Nos. 22-23. On remand, the Administrative Law Judge ("ALJ") found that Plaintiff was disabled and awarded her past-due benefits. Plaintiff's attorney now seeks an award of fees pursuant to 42 U.S.C. § 406(b)(1). For the reasons set forth below, the Court finds that Plaintiff's Motion for Attorney's Fees Under 42 U.S.C. § 406(b) with Supporting Memorandum [Docket No. 27] should be granted and that Plaintiff's attorney should be awarded $7,005.00 in attorney's fees.

The Court must initially determine if the motion at issue is timely. Section 406(b) does not address when a motion for attorneys' fees should be filed, so the Tenth Circuit

has instructed that "the best option . . . is for counsel to employ Federal Rule of Civil Procedure 60(b)(6) in seeking a § 406(b)(1) fee award." *McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006).  Thus, a Section 406(b) motion for attorneys' fees must be filed within a reasonable time of receipt of the Notice of Award.  *See generally* Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time[.]").  In this district, "a reasonable time" means within thirty days of issuance of the Notice of Award unless there is good reason for a lengthier delay.  *See, e. g., Harbert v. Astrue*, 2010 WL 3238958 at *1 n.4 (E.D. Okla. Aug. 16, 2010) (slip op.) ("The Court notes here that while no explanation is needed for a Section 406(b)(1) motion filed within thirty days of issuance of the notice of appeal, lengthier delays will henceforth be closely scrutinized for reasonableness, including the reasonableness of efforts made by appellate attorneys to obtain a copy of any notice of award issued to separate agency counsel.").  The motion for attorneys' fees in this case was filed on October 30, 2025, two-hundred thirty-three days after after the Notice of Award was issued on March 11, 2025. See Docket No. 27-1. Claimant's counsel indicates that on February 28, 2025, she was informed by the office of Claimant's agency representative of the favorable decision, and she reminded the agency representative to send a copy of the Notice of Award once it was received. Docket No. 27, at p. 3. However, the March 11, 2025, Notice of Award contained a clerical error indicating an inaccurate amount was withheld.[1]   *Id*; Docket No. 27-2, at p. 3. The agency representative received a corrected notice that did not specify it was the Notice of Award.

---

[1] It appears the Notice of Award mistakenly indicated the withheld amount was $41,174.00, which appears to approximately be the entirety of Claimant's past-due benefits.

Counsel followed up with the agency representative in May 2025 and was informed that a Notice of Award had not yet been received but a letter correcting the inaccuracy had been received. *Id.* at pp. 3-4. This letter was not titled "Notice of Award." Counsel followed up again in September 2025 and the agency representative reiterated that a Notic of Award had not yet been received. *Id.* Counsel then contacted the payment center and received the Notice of Award on October 21, 2025, and filed her motion for fees nine days later. The Court is not entirely satisfied with this explanation as it appears Claimant's attorney could have taken more steps to uncover the Notice of Award, particularly between May 2025 and September 2025. However, inasmuch as there is no timeliness objection by the Commissioner and in light of the clerical error, counsel's efforts to obtain the Notice of Award, and counsel's prompt action upon receiving the Notice of Award, the Court finds that the motion for attorney fees under Section 406(b) is timely.

When "a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. 406(b)(1)(a). The 25% does not include any fee awarded by the Commissioner for representation in administrative proceedings pursuant to 42 U.S.C. § 406(a). *See Wrenn v. Astrue*, 525 F.3d 931, 937 (10th Cir. 2008) ("Based on the plain language and statutory structure found in § 406, the 25% limitation on fees for court representation found in § 406(b) is not itself limited by the amount of fees awarded by the Commissioner."). The amount requested in this case is $7,005.00, approximately 17% of

-3-

Plaintiff's past-due benefits[2] in accordance with the applicable attorney fee agreement.

The Court next must determine if this amount is reasonable for the work performed in this case. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) ("[Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."). Factors to consider include: (i) the character of the representation and results achieved, (ii) whether any dilatory conduct might allow attorneys to "profit from the accumulation of benefits during the pendency of the case in court[,]" and (iii) whether "the benefits are [so] large in comparison to the amount of time counsel spent on the case" that a windfall results. *Id.* at 808 (citing *McGuire v. Sullivan*, 873 F.2d 974, 983 (7th Cir. 1989) (reducing fees for substandard work)); *Lewis v. Secretary of Health & Human Services*, 707 F.2d 246, 249-50 (6th Cir. 1983) (same); *Rodriguez v. Bowen*, 865 F.2d 739, 746-47 (6th Cir. 1989) (noting fees are appropriately reduced when undue delay increases past-due benefits or fee is unconscionable in light of the work performed); *Wells v. Sullivan,* 907 F.2d 367, 372 (2nd Cir. 1990) (courts should consider "whether the requested amount is so large as to be a windfall to the attorney"). Contemporaneous billing records may be considered in determining reasonableness.

---

[2] The Notice of Award states that the SSA "usually withhold[s] 25 percent of past due benefits[,] and the March 17, 2025, corrected Notice of Award indicates $10,293.50 was withheld in this case. Docket Nos. 27-2 & 27-3. Based on this, the total past due amount is approximately $41,174.00.

*Gisbrecht*, 535 U.S. at 808 ("[T]he court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.") (citing *Rodriguez*, 865 F.2d at 741).

Based on the factors enunciated in *Gisbrecht*, the Court concludes that $7,005.00 in attorney's fees is reasonable for the work done in this case. First, the attorney ably represented Plaintiff in his appeal to this Court and obtained excellent results on his behalf, *i.e.*, a reversal of the Commissioner's decision denying benefits and remand for further consideration. Plaintiff's success on appeal enabled him not only to prevail in his quest for social security benefits, but also to obtain $5,901.50 in attorney's fees as the prevailing party on appeal under the Equal Access to Justice Act, 28 U.S.C. § 2412(d). *See* Docket No. 26. This amount received will essentially reduce any amount awarded from his past-due benefits pursuant to Section 406(b). Second, there is no evidence that Plaintiff's attorney caused any unnecessary delay in these proceedings. Third, the requested fee does not result in any windfall to Plaintiff's attorney, who spent a total of 21.70 hours. *See* Docket No. 27-5. This would equate to a rate of $322.91 at most, per hour for attorney time, which is not excessive given that the fee was contingent, and the risk of loss was not negligible. The Court therefore concludes that the requested fee of $7,005.00 is reasonable within the guidelines set by *Gisbrecht*.

It appears from the record that the Commissioner retains only $1,093.50 from Plaintiff's past-due benefits for payment of attorneys' fees, after sending $9,200.00 to the

agency representative. Docket No. 27-3. Therefore, the Commissioner may not have sufficient funds on hand to satisfy the $7,005.00 awarded herein, Plaintiff's attorney will have to recover the difference from Plaintiff himself, not from his past-due benefits. *See Wrenn*, 525 F.3d at 933 ("If the amount withheld by the Commissioner is insufficient to satisfy the amount of fees determined reasonable by the court, the attorney must look to the claimant, not the past-due benefits, to recover the difference."). Furthermore, because the $7,005.00 awarded herein pursuant to Section 406(b)(1) exceeds the $5,901.50 previously received by Plaintiff as part of the EAJA fee award, Plaintiff's attorney must refund the latter amount to Plaintiff. *See Weakley v. Bowen,* 803 F.2d 575, 580 (10th Cir.1986). The attorneys may not, as Claimant's brief seems to imply, treat the EAJA award as a credit against the Claimant's account or otherwise "net out" the EAJA award against their Section 406(b) award. *See McGraw*, 450 F.3d at 497, n.2; *see also Gisbrecht*, 535 U.S. at 796 ("Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant *the amount of the smaller fee*.'") (emphasis added).

Accordingly, Plaintiff's Motion for Attorney Fees Under 42 U.S.C. § 406(b) with Supporting Memorandum [Docket No. 27] is hereby GRANTED.  The Court approves an award of attorney fees in the amount of $7,005.00 to Plaintiff's attorney pursuant to 42 U.S.C. § 406(b)(1) and directs the Commissioner to pay to Plaintiff's attorney the balance

of any past-due benefits in his possession up to said amount.

    **IT IS SO ORDERED** this 2nd day of December, 2025.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**